**United States District Court**
**Western District of New York**

---

**Justin Sathue,**

    Plaintiff, 

v.

**TransUnion Risk and Alternative**
**Data Solutions Incorporated, Bank of America**
**Corporation, State Farm Bank.,**

    Defendants,

**Civil Docket: 14-CV-643C**

**AMENDED COMPLIANT**



---

1. **Parties in this complaint:**

    A. **Plaintiff,**

    Justin Sathue, 1511 Pine Avenue #1, Niagara Falls, Niagara County, NY, 14301,

    B. **Defendant,**

    1) TransUnion Risk and Alternative Data Solutions Incorporated, 555 West Adams Street, Chicago, Cook County, IL, 60661 (hereinafter "TU"). An consumer reporting agency as defined by 15 U.S.C § 1681a.

    2) Bank of America Corporation, 100 North Tryon Street, Charlotte, Mecklenburg County, NC, 28202 (hereinafter "BofA"). A furnisher and user of consumer credit information.

    3) State Farm Bank, Corporate South N-4, 3 State Farm Plaza, Bloomington, McLean County, IL 61702 (hereinafter "SF"). A furnisher and user of consumer credit information.

2. **Jurisdiction and Venue:**

    This court has jurisdiction over this matter, under Section 618 of the Fair Credit Reporting Act (15 USC § 1681p).

3. **Right to Amend:**

   The Plaintiff amends the original compliant under Federal Rules of Civil Procedure 15 (a) (1) (A).

4. **Statement of Claim:**

### (A)- Defendant TU failed to place a notice of dispute on the Plaintiff's credit report under the account ending in 3540 listed as "State Farm Bank"

1. The Plaintiff disputed the account listed as "State Farm Bank" in 2013 under 15 U.S.C. §1681i.

2. The Defendant verified the information furnished by "State Farm Bank" was accurate as reported.

3. After a consumer dispute a consumer reporting agency is statutorily obligated under 15 U.S.C. §1681i (b) to place a notice of dispute on the item or items that are in dispute by the consumer.

4. The Defendant failed to place a notice of dispute on the item listed as "State Farm Bank" (Exhibit "A", page 3). This is in direct violation of 15 U.S.C. §1681i (b).

### (B) – Defendant TU failed to place a notice of dispute on the Plaintiff's credit report under the account ending in 7912 listed as "Capital One"

1. The Plaintiff disputed the account listed as "Capital One" in 2012 and 2013 under 15 U.S.C. §1681i.

2. The Defendant verified the information furnished by "Capital One" was accurate as reported.

3. After a consumer submitted dispute, a credit reporting agency is statutorily obligated under 15 U.S.C. §1681i (b) to place a notice of dispute on the item or items that are in dispute by the consumer.

4. The Defendant failed to place a notice of dispute on the item listed as "Capital One" (Exhibit "A", page 3). This is in direct violation of 15 U.S.C. §1681i (b).

### (C) –Defendant TU failed to place a notice of dispute on the Plaintiff's credit report under the account ending in 0439 listed as "Bank of America"

1. The Plaintiff disputed the account listed as "Bank of America" in 2013 and 2014 under 15 U.S.C. §1681i.

2. The Defendant verified the information furnished by "Bank of America" was accurate as reported.

3. After a consumer submitted dispute, a credit reporting agency is statutorily obligated under 15 U.S.C. §1681i (b) to place a notice of dispute on the item or items that are in dispute by the consumer.

4. The Defendant failed to place a notice of dispute on the item listed as "Bank of America" (Exhibit "A", page 2). This is in direct violation of 15 U.S.C. §1681i (b).

### (D) – Defendant BofA failed to place a Notice of Dispute on the Plaintiff's TransUnion credit report on the account ending with 0439

1. The Plaintiff disputed information with TransUnion in 2013 and 2014 regarding late payments that were furnished by Defendant BofA. After TransUnion verified that the late payments submitted were accurate, Mr. Sathue was advised to contact BofA directly at the address listed on his credit report, PO Box 982235, EL Paso, TX, 79998-2235.

2. The Plaintiff contacted BofA at, PO Box 982235, El Paso, TX, 79998-2235 via certified mailing label 7012-3050-0002-2601-6700 on 01/03/2014 asking for proof that he was ever late on the account they furnished to TransUnion. (Exhibit "D")

3. BofA failed to respond to this letter. This is in direct violation of 15 U.S.C. § 1681s-2 (a) (7) (B) (i).

4. Mr. Sathue sent Defendant BofA a second letter dated 07/2014 via US Mail to PO Box 982235, El Paso, TX, 79998-2235 asking for proof that he was ever late on his account (Exhibit "E").

5. BofA responded to the Plaintiff's dispute in a general letter dated 07/28/2014 under case number 65353136 stating that the account was reported correctly to the credit bureaus. (Exhibit "F")

6) According to TransUnion's own publicly available, "<u>Notice to furnishers of Information: Obligations of Furnishers Under The FCRA</u>[1]" it states that,

> **"General Prohibition on Reporting Inaccurate Information**
>
> The FCRA prohibits information furnishers from providing information to a CRA that they know or have reasonable cause to believe is inaccurate. However, the furnisher is not subject to this general prohibition if it clearly and conspicuously specifies an

---

[1] http://www.transunion.com/docs/rev/business/compliance/Notice_to_Furnishers_of_Information_2012.pdf.

address to which consumers may write to notify the furnisher that certain information is inaccurate. Section 623(a)(1)(A) and (a)(1)(C).

### Duties After Notice of Dispute from Consumer

If a consumer notifies a furnisher, at an address specified by the furnisher for such notices, that specific information is inaccurate, and the information is, in fact, inaccurate, the furnisher must thereafter report the correct information to CRAs. Section 623(a)(1)(B).

If a consumer notifies a furnisher that the consumer disputes the completeness or accuracy of any information reported by the furnisher, the furnisher may not subsequently report that information to a CRA without providing notice of the dispute. Section 623(a)(3)."

7) Even though BofA sent a response dated 07/28/2014 (Exhibit "F") they failed to place a notice of dispute on the Plaintiff's TranUnion credit report. This is in direct violation of 15 U.S.C. § 1681s-2 (a) (3).

### (E) – Defendant SF failed to place a Notice of Dispute on the Plaintiff's TransUnion credit report on the account ending with 3540

1) The Plaintiff disputed information with TransUnion in 2013 regarding late payments that were furnished by Defendant SF. After TransUnion verified that the late payments submitted by Defendant SF, Mr Sathue was advised to contact SF directly.

2) The Plaintiff contacted SF via US Mail in 07/214 at PO Box 87, Deposit, NY 13754-0087 asking for proof that he was ever late on the account they furnished to TransUnion (Exhibit "G").

3) Defendant SF sent Mr. Sathue a responsive letter dated 07/29/2014 detailing his current balance information and included all the transactions that were processed during the life of the account. (Exhibit "H")

4) According to TransUnion's own publicly available, "Notice to furnishers of Information: Obligations of Furnishers Under The FCRA[2]" it states that,

### "General Prohibition on Reporting Inaccurate Information

The FCRA prohibits information furnishers from providing information to a CRA that they know or have reasonable cause to

---

[2] http://www.transunion.com/docs/rev/business/compliance/Notice_to_Furnishers_of_Information_2012.pdf.

believe is inaccurate. However, the furnisher is not subject to this general prohibition if it clearly and conspicuously specifies an address to which consumers may write to notify the furnisher that certain information is inaccurate. <u>Section 623(a)(1)(A) and (a)(1)(C).</u>

### Duties After Notice of Dispute from Consumer

If a consumer notifies a furnisher, at an address specified by the furnisher for such notices, that specific information is inaccurate, and the information is, in fact, inaccurate, the furnisher must thereafter report the correct information to CRAs. <u>Section 623(a)(1)(B).</u>

If a consumer notifies a furnisher that the consumer disputes the completeness or accuracy of any information reported by the furnisher, the furnisher may not subsequently report that information to a CRA without providing notice of the dispute. <u>Section 623(a)(3).</u>"

5) Even though Defendant SF responded to the Plaintiff's letter dated 07/2014 (Exhibit "G") in a letter dated 07/29/20114 (Exhibit "H" ) they failed to place a notice of dispute on Mr. Sathue's TransUnion credit report. This is in violation of 15 U.S.C. § 1681s-2 (a) (3).

## (F) –Defendant TU allowed a hard credit inquiry through an active security freeze

1. A security freeze pursuant to N.Y. GBS Law § 380-t – Section 380-T was placed on the Plaintiff's credit report in 2011 in connection with the unauthorized use of his sensitive personal information. An extended fraud alert was placed on Mr. Sathue's credit file in 2011 after he sent the Defendant an Identity Theft Affidavit dated 09/2010.

2. The Plaintiff ordered his credit report in 2013 and noticed an inquiry dated 03/11/2013 from "Foster and Garbus" located in Commack, NY.

3. This inquiry was placed while an active security freeze was placed on Mr. Sathue's credit file.

4. Mr. Sathue contacted the Defendant several times via US Mail asking for the deletion of this inquiry but the Defendant failed to take appropriate action and delete this information.

5. Due to Defendant TU's continued non-compliance, the Plaintiff filed a compliant with the Consumer Financial Protection Board under Compliant ID: 130422-000975 dated 04/22/2013 @ 04:18 stating that the Defendant failed to investigate

and delete a hard credit inquiry that was permitted through an active security freeze. (Exhibit "B", page 1-2)

6. Under N.Y. GBS Law § 380-t – Section 380-T: Security Freeze, a credit reporting agency is prohibited from releasing a consumer's credit file while there is an active security freeze on file.

7. The Defendant responded to the Plaintiff's compliant with the Consumer Financial Protection Board on 05/08/2014 @ 10:28 stating, "We received your compliant about the inquiry listed on your credit report, and apologize for any difficulty you may have experienced. We have deleted the 3/11/13 Foster and Garbus Inquiry from your credit report." (Exhibit "B", page 3)

8. The Defendant blatantly disregarded their statutory obligations under N.Y. GBS Law § 380-t – Section 380-T: Security Freeze by releasing the Plaintiff's credit file on 03/11/2013 from "Foster and Garbus" **and** failed to take appropriate action to delete this inquiry **even after** the Defendant was contacted via US Mail and online several times.

### (G) – Punitive Damages against Defendant TU

1. The Defendant's actions placed an unnecessary emotional burden on the Plaintiff **directly due to** the amount of time it has taken to correct the errors listed in **(A), (B), (C)** and **(F)** of this compliant and failure to appropriately correct Mr. Sathue's credit report **even after** the Plaintiff brought these errors to the Defendant's attention many times.

2. The Defendant listed a second credit file under the Plaintiff's name and social security number (Exhibit ). In this credit file dated 05/19/2014, the Defendant removed the security freeze and extended fraud alert that was previously placed. (Exhibit "B"). This action directly promotes identity theft and would cause Mr. Sathue's credit report to be released **even though** he did not request Defendant TU to remove or alter either the Extended Fraud alert or Security Freeze previously placed on his credit file. Mr. Sathue was unaware that an additional credit files existed under this name and social security number until he received the credit report dated 05/19/2014 (Exhibit "B") via US Mail and is unsure how long such a credit file has existed.

3. The Plaintiff needed to contact the Consumer Financial Protection Board in order to have the Defendant correct inaccurate information and their unlawful disclosure/s of the Plaintiff's credit report because they failed to do so willfully.

5. **Relief Sought:**

    A. Statutory damages pursuant to 15 U.S.C. §1681n in the amount of FIFTEEN THOUSAND ($15,000.00) USD.

B. Statutory damages pursuant to 15. U.S.C. §1681o in the amount of FIFTEEN THOUSAND ($15,000.00) USD.

C. Punitive damages in the amount of THIRTY THOUSAND ($30,000.00) USD pursuant to 15 U.S.C. §1681n (a) (1) (2) **and** promoting identity theft **and** failure to obey N.Y. GBS Law § 380-t – Section 380-T: Security Freeze.

D. An injunctive order causing a notice of dispute to be placed on of Plaintiff's TransUnion credit report, on the item listed as "Capital One" whose account number ends with 7912 with respect to 15 U.S.C. §1681i (b) and 15 U.S.C. § 1681s-2 (a) (3).

E. An injunctive order causing a notice of dispute to be placed on of Plaintiff's TransUnion credit report, on the item listed as "State Farm Bank" whose account number ends with 3540 with respect to 15 U.S.C. §1681i (b) and 15 U.S.C. § 1681s-2 (a) (3).

F. An injunctive order causing a notice of dispute to be placed on of Plaintiff's TransUnion credit report, on the item listed as "Bank of America" whose account number ends with 0439 with respect to 15 U.S.C. §1681i (b) and 15 U.S.C. § 1681s-2 (a) (3).

G. An injunctive order causing Defendant TU to delete any duplicate credit files listed under the Plaintiff's social security number.

H. Any further relief which this court deems just.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS ARE TRUE AND CORRECT.**

**Dated: 08/16/2014**
Niagara Falls, NY

_____
Justin Sathue
1511 Pine Avenue, #1
Niagara Falls, NY 14301
JSathue50@yahoo.com
(786) 200-0976

08/06/2014                                   —COPY—

Justin Sathue
1511 Pine Avenue #1
Niagara Falls, NY 14301
*VIA US MAIL*

**TransUnion**
**555 West Adams Street**
**Chicago, IL 60661**

**RE:**
**Justin Sathue v TransUnion Risk and Alternative Data Solutions Incorporated**
**US District Court for the Western District of New York**
**Docket: Pending**

*To Whom It May Concern:*

The enclosed compliant was sent to the US District Court located at 2 Niagara Square, Buffalo, NY, 14202 to be filed on 08/06/2014.

To assist in elevating the burden of attending trial and to handle this matter both expeditiously and confidentially, I would like to settle this matter immediately.

To settle I propose that,

1) TransUnion will place a notice of dispute on the items listed as Bank of America, State Farm Bank and Capital One (account ending in 7912).
2) TransUnion will certify that my credit report will not be released while there is an active security freeze on file at that time.
3) TransUnion will delete any duplicate credit files under my name and social security number.
4) TransUnion will send me reasonable compensation.

If you are interested in this settlement offer please contact me at (786) 200-0976 or JSathue50@yahoo.com.

Yours truly,

Justin Sathue

**United States District Court**
**Western District of New York**

---

**Justin Sathue,**                                    Civil Docket: 14-CV-643C

       Plaintiff,

                                             **CERTIFICATE OF SERVICE**

v.

**TransUnion Risk and Alternative**
**Data Solutions Incorporated, Bank of America**
**Corporation, State Farm Bank.,**

       Defendant,

---

I, Justin Sathue, certify that I have served a copy of the "Amended Compliant" dated 08/16/2014 to Defendant Bank of America Corporation located at,

Bank of America Corporation
100 North Tryon Street
Charlotte, NC 28202

An additional copy of this compliant has been sent to Bank of America, 1263 Military Road, Niagara Falls, NY, 14304.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE INFORMATION IN THIS AFFIDAVIT IS TRUE AND CORRECT.**

**Dated: 08/16/2014**
**Niagara Falls, NY**

                                                                   Justin Sathue
                                                                1511 Pine Avenue, #1
                                                              Niagara Falls, NY 14301
                                                              JSathue50@yahoo.com
                                                                   (786) 200-0976

Bank of America Corporation
100 North Tryon Street
Charlotte, NC 28202